UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| CITY OF JEFFERSONVILLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:15-cv-00091-RLY-DML |
| | ) |
| CLINTON DECKARD and | ) |
| U.S. DEPARTMENT OF TREASURY, | ) |
| | ) |
| Defendants. | ) |

## Report and Recommendation to (1) Set Aside Entry of Default and Associated Orders, (2) Dismiss United States, (3) Set Deadline for Answer, and (4) Remand After Closing of Issues

This is an eminent domain case filed by the City of Jeffersonville in the Clark County, Indiana Circuit Court on November 2, 2014. The City seeks to acquire by condemnation fee simple title and access rights to certain property owned by defendant Clinton Deckard (the "Property"). *See* Complaint, Dkt. 1-1 at pp. 3-5. The City's complaint names as defendants Mr. Deckard and the United States Department of Treasury (hereafter, "United States" or the "government"), which held federal tax liens on the Property. On December 30, 2014, the United States removed the action to this court under the authority of 28 U.S.C. § 1444 and 28 U.S.C. § 2410, which permit the United States to remove a condemnation case filed in state court in which it is named a party. *See* Dkt. 1.

Before the court for a report and recommendation on its appropriate disposition is a motion (Dkt. 49) by Mr. Deckard to set aside certain orders of the court, including an entry of default and other orders affecting his interests in the

Property. The City did not respond to Mr. Deckard's motion. As explained below, the court determines that it did not have personal jurisdiction over Mr. Deckard. The court had no authority, therefore, to enter default against Mr. Deckard or to issue other orders affecting his interests in the Property. Those orders should be set aside and vacated as to him. The court's discussion begins with a recitation of relevant procedural history.

**I.     Procedural History**

On May 1, 2015, the City moved under Fed. R. Civ. P. 55(a) for the entry of default against Mr. Deckard. The City's counsel filed an affidavit attesting that Mr. Deckard had properly been served by publication but had not answered the complaint or otherwise defended the claims. Dkt. 18. Based on the City's representations under oath, an entry of default against Mr. Deckard was made on August 7, 2015. Dkt. 30. Shortly before the entry of default against Mr. Deckard, the City and the United States had moved the court to enter an Agreed Order of Appropriation and Appointment of Appraisers. Dkt 27. The motion represented that the court had personal jurisdiction over Mr. Deckard because he had properly been served and he had not responded to the complaint or appeared in the case. Dkt. 27-1, ¶¶ 1, 3. The City and the United States agreed that the City was entitled to condemn the Property and they agreed to the selection of three appraisers to appraise the Property as provided under Indiana's eminent domain law. They further asked the court to enter their proposed order condemning Mr. Deckard's property. The court entered the City's tendered Agreed Order of Appropriation and

Appointment of Appraisers, setting in motion the procedures under Indiana's eminent domain law for determining just compensation for condemned property interests. Dkt. 28.

The Agreed Order condemned Mr. Deckard's interests in the Property, appointed three appraisers to assess just compensation, arranged for the appraisers to take an oath and receive instructions from the court (*see* Ind. Code § 32-24-1-9), and directed the three appraisers to prepare and file a written report of compensation and damages due for the condemned interests by September 8, 2015. Dkt. 28. On August 18, 2015, the court entered an order documenting its administration of an oath to some of the court-appointed appraisers and noted that "the Clerk of Court entered a default as to Mr. Deckard." Dkt. 31. Because a new appraiser was later appointed, the appraisers' report of compensation was not filed until December 29, 2015. Dkt. 39. The report reflects an assessment of just compensation in the sum of $63,500. *Id.* On January 13, 2016, the court ordered the City to arrange for the provision of proper written notice of the appraisers' report as required under Ind. Code § 32-24-1-11(a) to "all known parties in this action and the attorneys of record of the parties," and ordered that service of the notice must be made to Mr. Deckard "at his last known address." Dkt. 40.[1]

---

[1] As discussed below, it appears the City never gave notice of the appraisers' report to Mr. Deckard at his last known address as required by the court. The City did not file proof of its service of the notice, even after the court twice ordered it to do so. *See* Orders entered April 21, 2016 (Dkt. 45), and May 25, 2016 (Dkt. 57).

The next salient event occurred on March 17, 2016. On that date, the City and the United States appeared for a telephone status conference with the court, during which the City stated its intention to tender the $63,500 appraised damages to the court.[2] A month went by without action by the City. The court directed the City to file a status report about when, if ever, it intended to deposit the appraisers' award with the court (Dkt. 44) and then, on April 21, 2016, issued an order containing instructions for any payment of the appraisers' award the City may make. Dkt. 45. The April 21 order also directed the City to file by May 6, 2016, proof of its service on Mr. Deckard of the notice that was directed by the court in its January 13, 2016 order. The City *did not* file proof of service on May 6—and still has not provided proof of that service, even though the court entered another order (Dkt. 57) requiring proof of that service, which the City also ignored.

On May 6, 2016, Mr. Deckard filed his motion to set aside the entry of default and other orders affecting his interests in the Property. As noted at the outset, the City has not responded to Mr. Deckard's motion.

---

[2] The payment of the appraisers' award to the court triggers certain rights and obligations. As provided by Ind. Code § 32-24-1-10, upon payment, the condemnor acquires a right to possess the property and use it for the purposes for which it was condemned. In addition, the county auditor for the county in which the property is located transfers the property to the condemnor on the county's tax records, assuming the condemnor properly notifies the auditor of its payment of the appraisers' award. *Id.*

4

**II.     The court did not have personal jurisdiction over Mr. Deckard when it entered orders affecting his property interests.**

Unless a defendant has been properly served with process or has waived service of process, the court does not acquire personal jurisdiction over him. *E.g., United States v. Ligas,* 549 F.3d 497, 500 (7th Cir. 2008).

Mr. Deckard's motion establishes beyond doubt that he was never served with process and did not waive service of process. The City has not contested his showing that (a) its complaint was removed to federal court before it attempted any service, (b) the only service it attempted was service by publication, (c) the state court's order permitting service by publication was entered *after* this action was removed to federal court and thus when the state court no longer had jurisdiction to enter such an order, and (d) the City did not in any event comply with the statutory requirements for obtaining an order allowing service by publication.

Indiana Rule of Trial Procedure 4.13 permits, in some circumstances, service to be made by publication.[3] It requires the party to ask the court to allow service by publication. The request *must* be supported by affidavit that "diligent search has been made [and] the defendant cannot be found, has concealed his whereabouts, or has left the state. . . ." In addition, service by publication must satisfy the requirements of due process. *See In re Adoption of L.D.,* 938 N.E.2d 666, 669 (Ind. 2010) (citing *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 317

---

[3]     Under the Federal Rules of Civil Procedure, service of process may be accomplished in a manner allowed under state law for the state in which the district court is located. *See* Fed. R. Civ. P. 4(e)(1).

5

(1950)) ("[T]he Due Process Clause demands a diligent search before attempting notice by publication.")  The City's application for service by publication to the Clark Circuit Court and the Circuit Court's order were ineffective because that court had no power to act, the case already having been removed to this court.  And the application did not comply with Ind. Tr. Rule 4.13 or Mr. Deckard's due process rights.  There was no affidavit testimony establishing that a diligent search had been made and that Mr. Deckard could not be found.  There was no affidavit at all, and not a single statement about any efforts by the City to find Mr. Deckard or an explanation why service by publication was necessary. As Mr. Deckard demonstrated in his motion, the City knew his business address but never attempted to serve him at that address.  In fact, the City had sent the pre-condemnation statutory offer to purchase to Mr. Deckard at his business address!

Because the court never acquired personal jurisdiction over Mr. Deckard, all of the court's orders and other events in this litigation affecting Mr. Deckard's interests in the Property are void as to him and must be vacated or otherwise set aside. *Homer v. Jones-Bey,* 415 F.3d 748, 752-53 (7th Cir. 2005) ("judgment rendered without jurisdiction over the person is void"; court abuses its discretion if it refuses to set aside or vacate a judgment that is void). This includes (1) the orders entering default against Mr. Deckard, at Dkts. 30 and 31; (2) the Agreed Order of Appropriation and Appointment of Appraisers, at Dkt. 28; (3) the orders documenting the giving of oaths and instruction to appraisers, at Dkt. 31, 33, 35; (4) the Appraisers' Report, at Dkt. 39; and (5) the order permitting the City to tender

the appraisers' award to the clerk of the court, at Dkt. 45. Because there is no appraisers' award effective as to Mr. Deckard, the City did not have the right to tender the award and acquire the possessory interest and right to use the Property, as described in Ind. Code § 32-24-1-10. The City may file a motion for the return of its tendered sum of $63,500. It may not exercise any possessory interests or rights described in Ind. Code § 32-24-1-10. Further, the City must file a notice with the court no later than **July 6, 2016,** advising the court and Mr. Deckard about any actions that have been taken with respect to the Property based on the City's tender of the appraisers' award.

This litigation must start again at the beginning appropriation stage, immediately following the filing of the complaint.[4] Mr. Deckard must first be given an opportunity to answer the complaint and file any objections to the taking itself. *See* Ind. Code §§ 32-24-1-6 and 32-24-1-8 (providing for an appearance and the filing of objections to condemnation). *See also Morrison v. Indianapolis & Western Ry. Co.,* 76 N.E. 961, 964-65 (Ind. 1906) (interpreting these statutory provisions and property owner's right to file objections). If Mr. Deckard files objections, a trial on the objections must be had. If, after trial, it is determined that the City has the right to condemn the property, then the court may appoint appraisers under Ind. Code §§ 32-24-1-7(c) and 32-24-1-8(e), administer their oaths and give instructions

---

[4] Mr. Deckard's motion to set aside does not assert a demand for the City to serve a summons on him at this point.

(Ind. Code § 32-24-1-9), and take other actions under Indiana's eminent domain act to determine just compensation and damages due to Mr. Deckard for his Property.

### III. After setting aside and voiding prior orders, the court should relinquish its supplemental jurisdiction.

The magistrate judge also notes that the United States has moved to be dismissed from this action because its tax liens on the Property have been paid and it no longer has any interest in the Property. Dkt. 52. Neither the City nor Mr. Deckard has objected to the United States's motion. The magistrate judge recommends that the district judge GRANT the government's motion and order the dismissal of the United States as a defendant.

Upon dismissal of the United States, the court must also decide whether to retain supplemental jurisdiction under 28 U.S.C. § 1367(c) over the City's condemnation complaint against Mr. Deckard. The presumptive rule is that a court should relinquish its supplemental jurisdiction when the claims that gave the court its original subject matter jurisdiction drop out of the case. *E.g., Sharp Elec. Corp. v. Metropolitan Life Ins. Co.,* 578 F.3d 505, 514-15 (7th Cir. 2009) (usual practice is to decline to exercise supplemental jurisdiction when the anchoring claims are dismissed before trial).

This case must start over as to Mr. Deckard. The court should therefore remand. For efficiency purposes and to assure that this case is returned to the Clark Circuit Court in a proper procedural posture, the magistrate judge recommends that the district judge await Mr. Deckard's filing of an answer and objections to the City's complaint in condemnation before remand and that a

deadline (recommended to be 21 days after adoption of this report and recommendation) be established for Mr. Deckard to file his answer and objections.

## Conclusion

For all of the foregoing reasons, the magistrate judge recommends that the district judge:

1. GRANT Mr. Deckard's motion (Dkt. 49) to set aside the entry of default and associated orders affecting his interest in the Property, and enter an order setting aside and vacating as to Mr. Deckard:

- The orders entering default against Mr. Deckard, at Dkts. 30 and 31;
- The Agreed Order of Appropriation and Appointment of Appraisers, at Dkt. 28;
- The orders documenting the giving of oaths and instruction to appraisers, at Dkt. 31, 33, 35;
- The Appraisers' Report, at Dkt. 39; and
- The order permitting the City to tender the appraisers' award to the clerk of the court, at Dkt. 45.

2. GRANT the government's motion (Dkt. 52) dismissing the United States Department of Treasury from this action.

3. ORDER Mr. Deckard to file his answer and any objections to the City's complaint to condemn his Property within 21 days of the court's order adopting this report and recommendation.

4.     *After* Mr. Deckard's files his answer and any objections, REMAND this action to the Clark Circuit Court.

\* \* \* \* \*

Any objections to this Report and Recommendation must be filed in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b).  The failure to file objections within fourteen days after service will constitute a waiver of subsequent review absent a showing of good cause for that failure.  Counsel should not anticipate any extension of this deadline or any other related briefing deadlines.

IT IS SO RECOMMENDED.

Dated:  June 20, 2016

*[signature: Debra McVicker Lynch]*
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record by email through the court's ECF system